# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**DREMA CURRY, DEPENDENT OF ROBERT E. CURRY (DECEASED),**
**Claimant Below, Petitioner**

**vs.)    No. 22-ICA-286    (JCN: 2022012213)**

**AMERICAN COAL TESTING, INC.,**
**Employer Below, Respondent**

**FILED**

**March 6, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Drema Curry, wife of the decedent Robert E. Curry, appeals the November 2, 2022, order of the Workers' Compensation Board of Review ("Board"). Mr. Curry's former employer Respondent American Coal Testing, Inc. ("ACT") filed a timely response.[1] Ms. Curry did not file a reply.

The issue on appeal is whether the Board erred in affirming the claim administrator's order which denied a claim for Workers' Compensation dependent's benefits.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Curry filed an application for dependent's benefits on August 11, 2021, following the death of Mr. Curry on January 3, 2021. She asserted that her husband died from occupational pneumoconiosis ("OP") caused by the exposure at work. Ms. Curry identified Mr. Curry's last employer as ACT and his date of last exposure as 2006. Ms. Curry attached Mr. Curry's autopsy report to her application for benefits.

Mr. Curry's autopsy was performed by Fahad F. Bafakih, M.D. on January 4, 2021. Dr. Bafakih found that Mr. Curry's lungs had mildly thickened pleura with subpleural deposition of black dust. Dr. Bafakih opined that Mr. Curry suffered from OP, which contributed to his death.

---

[1] Petitioner is represented by Donald C. Wandling, Esq. and Anne L. Wandling, Esq. Respondent is represented by Alysia B. Kozlowski, Esq.

On February 17, 2022, the claim administrator issued an order that rejected the claim on the basis that Mr. Curry did not have the requisite dust exposure for an OP claim. Ms. Curry protested that order.

Ms. Curry was deposed on June 20, 2022. Ms. Curry testified that her husband last worked in 2006 as a coal prep analyzer for ACT. She stated Mr. Curry had worked in that position for at least five years of continuous employment, but she could not recall exactly how long he worked for the company. Ms. Curry testified that her husband would travel out to coal mines to collect samples and return to the lab for testing. She testified that Mr. Curry would be covered in coal dust when he returned home from work.

On November 2, 2022, the Board issued an order affirming the claim administrator's denial of the claim and finding that the claimant had not established that Mr. Curry had the requisite dust exposure.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, No. 22-ICA-10, __ W. Va. __, __, __ S.E.2d __, __, 2022 WL 17546598, at *4 (Ct. App. Dec. 9, 2022).

On appeal, Ms. Curry argues that her uncontradicted testimony establishes that Mr. Curry had the requisite dust exposure required under West Virginia Code § 23-4-1(b) (2021).

This statute provides, in relevant part:

[f]or the purposes of this chapter, the terms "injury" and "personal injury" include occupational pneumoconiosis and any other occupational disease, as hereinafter defined, and workers' compensation benefits shall be paid to the employees of the employers in whose employment the employees have been exposed to the hazards of occupational pneumoconiosis or other occupational disease and have contracted occupational pneumoconiosis or other occupational disease, or have suffered a perceptible aggravation of an existing pneumoconiosis or other occupational disease, or to the dependents, if any, of the employees, in case death has ensued, according to the provisions hereinafter made: Provided, That compensation is not payable for the disease of occupational pneumoconiosis, or death resulting from the disease, unless the employee has been exposed to the hazards of occupational pneumoconiosis in the State of West Virginia over a continuous period of not less than two years during the 10 years immediately preceding the date of his or her last exposure to such hazards, or for any five of the 15 years immediately preceding the date of his or her last exposure. *Id*.

After review, we conclude that the Board was not clearly wrong in finding that the claimant did not establish that Mr. Curry had dust exposure over a continuous period of not less than two years during the ten years immediately preceding the date of his last exposure. The Board noted that it is the claimant's burden to show the requisite dust exposure and claimant did not establish that Mr. Curry had the requisite dust exposure to prosecute an OP claim. A review of the record reveals inadequate information about the extent and frequency of Mr. Curry's coal dust exposure in the workplace.

Finding no error in the Board's November 2, 2022, order, we affirm.

Affirmed.

**ISSUED:** March 6, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen